UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Aesthetic Eye Associates, P.S., a Washington professional service corporation,<br><br>                              Plaintiff,<br><br>    v.<br><br>Alderwood Surgical Center, LLC, a Washington limited liability company; Northwest Nasal Sinus Center P.S., a Washington professional service corporation,<br><br>                              Defendants. | No. 2:22-cv-00773<br><br>COMPLAINT |

Plaintiff Aesthetic Eye Associates, P.S. d/b/a Allure Laser Center & Medispa ("Plaintiff" or "Allure") by and through its attorneys, and for its Complaint against Defendants Alderwood Surgical Center, LLC, d/b/a Alderwood Surgery Center, Allure Esthetic, Allure Esthetic Plastic Surgery, Gallery of Cosmetic Surgery; Northwest Nasal Sinus Center P.S., d/b/a Northwest Face, Allure Esthetic, Allure Esthetic Plastic Surgery (collectively "Defendants" or "AEPS") hereby alleges as follows:

**INTRODUCTION**

1.    Plaintiff Allure brings this action to stop Defendants from infringing on Plaintiff's ALLURE trademark and brand, and to protect members of the public choosing to obtain cosmetic surgery services. Since Plaintiff's founding in 1993, Allure has been a well-known plastic surgery

505777596.1

COMPLAINT 2:22-CV-00773 - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1. practice, specializing in cosmetic and reconstructive surgery of the eyelids and face.

2. For the past nearly two decades, since at least 2002, Plaintiff has continuously used the mark ALLURE in interstate commerce in the United States and in connection with its offering cosmetic surgical and non-surgical procedures, and its ALLURE skin care products.

3. Allure has expended substantial resources promoting its name over the past 20 years by investing in extensive online, television and print advertising. Given this long history of use, Allure has gained a reputation for its quality services in the Pacific Northwest. As such, Allure considers its ALLURE trademark to be an asset of substantial value and important symbol of Allure's goodwill.

5. Recently, Allure learned that Defendants were using the name "Allure Esthetic" and/or "Allure Esthetic Plastic Surgery" to market cosmetic surgical and non-surgical services at their location in Kirkland, within two miles of Allure's clinic, and offering the same or similar types of services.

6. This has led to confusion amongst the public, and even for Defendants' own patients, given that Allure has received numerous phone calls and in-person visits from Defendants' patients inquiring about their services and appointments. Allure is concerned that patients are sending their private medical information to the wrong doctors.

7. Defendants' infringing use of "Allure Esthetic" has also led to confusion online, resulting in negative reviews of Allure for procedures that it does not offer or by individuals which were never treated at Allure. Allure believes these reviews were intended for Defendants.

8. Despite being aware of Plaintiff's ALLURE mark, Defendants have continued to infringe on Plaintiff's ALLURE mark by continuing to market its similar cosmetic surgical and non-surgical services under the "Allure Esthetic" brand, including at their Kirkland location.

505777596.1

COMPLAINT 2:22-CV-00773 - 2

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

## II. PARTIES

9. Plaintiff Aesthetic Eye Associates, P.S., d/b/a Allure Laser Center & Medispa, is a Washington professional service corporation, with its principal office located at 624 4th Avenue, Suite 301, Kirkland, WA 98033.

10. Defendant Alderwood Surgical Center, LLC, d/b/a Alderwood Surgery Center is a Washington limited liability company, located at 3500 188th St SW #670, Lynnwood, WA 98037. Defendant Alderwood Surgical Center, LLC's governor listed on the Washington Secretary of State business registration is Javad Sajan.

11. Defendant Northwest Nasal Sinus Center P.S., dba Northwest Face is a Washington professional service corporation, located at 3100 Carillon Point, Kirkland, WA 98033. Defendant Northwest Nasal Sinus Center P.S.'s governor listed on the Washington Secretary of State business registration is Javad Sajan.

## III. JURISDICTION AND VENUE

12. This is an action for federal trademark infringement and unfair competition rising under the trademark laws of the United States, namely 15 U.S.C. §§ 1114 and 1125(a), and violation of the Washington Consumer Protection Act, RCW 19.86 et seq.

13. This Court has subject matter jurisdiction over this dispute pursuant to 15 U.S.C. §§ 1121 et seq, and 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202. The Court, further, has supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

14. This Court has personal jurisdiction over Defendants because they have engaged in substantial business activities in and directed to this district, are registered to do business in this district and because the infringement of trademarks and unfair competition alleged herein took place, in substantial part, in this district.

15. Venue therefore properly lies in this Court and the Western District of Washington, pursuant to 28 U.S.C. §§ 1391(b)(1) and (2).

505777596.1

COMPLAINT 2:22-CV-00773 - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

16. Moreover, the Court has jurisdiction over this matter and venue is appropriate in this district because Plaintiff is located in and operated from this district and a substantial portion of the events giving rise to the present suit took place in this district.

### III.  FACTS AND BACKGROUND

17. Plaintiff Allure has been in business in the Pacific Northwest since at least March 25, 1993. Over the past 19 years, Allure has expended substantial resources promoting its ALLURE trademark for cosmetic surgical and non-surgical services and its Allure medical grade skin care products, by investing in, among other things, extensive online, television, and print advertising, as well as its physical locations in Kirkland, Kennewick, Anacortes, and Yakima.

18. Through these marketing efforts over the past nearly two decades, Allure has become known as a leading provider of cosmetic procedures in the Pacific Northwest and consumers have come to identify the Allure name and ALLURE trademark (collectively "Plaintiff's Marks") exclusively with Allure's superior services. See generally, https://allurecosmeticsurgery.com/.

19. Plaintiff has gained common law rights and developed extensive goodwill in Plaintiff's Mark such that consumers have come to identify Plaintiff's Mark with Plaintiff's superior cosmetic surgery and skincare products and services. See Surgical Services, https://allurecosmeticsurgery.com/surgical-services; Laser & Skin, https://allurecosmeticsurgery.com/medispa-services/; Skin Products, https://allurecosmeticsurgery.com/product-category/allure/. Copies of these websites are attached as Exhibit A.

20. Plaintiff's first use and first use in commerce of Plaintiff's Mark, is as early as November 2002.

21. Upon information and belief, Defendant Alderwood Surgical Center, LLC is owned by Dr. Javad Sajan. Dr. Sajan is a plastic surgeon who specializes in cosmetic and reconstructive surgery of the face and body, including specialty gender affirming procedures for the transgender

505777596.1

COMPLAINT 2:22-CV-00773 - 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

community.

22. Defendant Alderwood Surgical Center, LLC d/b/a Alderwood Surgery Center is located in Lynnwood, Washington, and markets itself under the name "The Gallery of Cosmetic Surgery" with its website located at https://www.cosmeticsurgeryforyou.com/.

23. Upon information and belief, Defendant Northwest Nasal Sinus Center P.S., d/b/a Northwest Face, located in Kirkland, Washington, is owned by Dr. Javad Sajan. Northwest Face maintains a website at https://www.nwface.com/.

24. Defendants Alderwood Surgical Center LLC and Northwest Nasal Sinus Center P.S. are also marketed under the brands "Allure Esthetic" and "Allure Esthetic Plastic Surgery" (collectively referred to as "AEPS").

25. AEPS markets their cosmetic and reconstructive plastic surgery services via the website https://www.allureesthetic.com/. AEPS lists its business address as 600 Broadway, Suite 320, Seattle, WA 98122.

26. Upon information and belief, Dr. Sajan purchased the Northwest Nasal Sinus Center P.S. d/b/a Northwest Face clinic in Kirkland no later than December 2020. Northwest Nasal Sinus Center P.S. is located within two miles of Allure's Kirkland offices.

27. Beginning in or about December 2020, Plaintiff Allure first learned that AEPS was offering similar services under the brand "Allure Esthetic" when it advertised that it had opened an office in Kirkland. See Exhibit B. Additionally, see also website marketing directed to Kirkland at https://www.allureesthetic.com/about/areas-we-serve/kirkland/, https://www.allureesthetic.com/about/areas-we-serve/kirkland/rhinoplasty/, copies of which are attached as Exhibits C and D.

28. Despite offering services to Kirkland under the name "Allure Esthetic," the actual name of the licensed facility in Kirkland that Dr. Javan purchased is Northwest Nasal Sinus Center/Northwest Face.

29. Instead of marketing its services by using the existing name brand "Northwest

505777596.1

COMPLAINT 2:22-CV-00773 - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

Face," AEPS is capitalizing on the goodwill and reputation that Allure has created in the market by infringing on the ALLURE mark.

30. On January 27, 2021, Allure, through its counsel, sent a cease and desist letter to Dr. Sajan and AEPS to stop using its ALLURE mark. Exhibit E. Further, as of the date of the letter. Allure had received at least seven (7) calls and complaints from clients, potential clients, and employees who had been confused by AEPS's use of the ALLURE mark and believed AEPS's services to be affiliated with Allure. Id.

31. Between January 27, 2021 and March 19, 2021, Allure received an additional four (4) complaints who were confused by AEPS's use of the ALLURE mark and who incorrectly believed AEPS was affiliated with Allure. Allure renewed its request for AEPS to cease using the ALLURE mark in a March 19, 2021 letter to AEPS's counsel. See Exhibit F.

32. In or about March 26, 2021, Allure was informed by counsel for AEPS and Dr. Sajan that AEPS did not use ALLURE ESTHETIC in connection with its Kirkland clinic (Northwest Face) and did not intend to "rebrand" Northwest Face using the ALLURE mark. Exhibit G. In pertinent part, the letter stated:

> Third, although Dr. Sajan did recently purchase a plastic surgery practice based in Kirkland, that practice was and is still named NW Face & Body, uses the website located at https://nwface.com/, and offers services more similar to AEPS's than Aesthetic Eye's. As the website clearly illustrates, the NWF&B branding is generally different than the AEPS branding (design, color, overall look/feel), and NWF&B does not use the ALLURE mark in connection with its offerings. Dr. Sajan does not currently have any plans to rebrand NWF&B under the ALLURE mark.

See Exhibit G, at p. 1.

33. Allure responded to AEPS's communication in an attempt to achieve an amicable resolution. Attached as Exhibit H is a copy of the August 3, 2021 letter sent to AESP's counsel.

34. Even after the March 26, 2021 letter from AEPS's counsel and the representation that Northwest Face (NWF&B) in Kirkland "does not use the ALLURE mark in connection with its offerings" (see Exhibit G, at p. 1), AEPS sent out targeted marketing emails to its customers under the ALLURE ESTHETIC mark from its <contactus@allureesthetic.com> email address

505777596.1

COMPLAINT 2:22-CV-00773 - 6

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

directing customers to its AEPS Kirkland location. Attached as Exhibit I is the substance of such marketing email sent on August 27, 2021.

35. The August 27, 2021 marketing materials lists AEPS's locations in Seattle, Lynnwood and Kirkland. Id. at Exhibit I. Additionally, the email goes on to offer "Special Pricing in Kirkland Only" on PCA Chemical Peels. Id.

36. Despite Allure's numerous requests to cease and desist from using its ALLURE mark in connection with the offering of similar surgical and non-surgical cosmetic procedures and skin care products, AEPS has, from at least December 2020, and continuing to present, marketed its AEPS services and products at its locations, including the Kirkland location, under the ALLURE ESTHETIC mark. See Exhibits B, C, D and I.

37. Defendants' actions have led to confusion amongst the public and for AEPS's own patients. Allure's offices have received numerous phone calls and in-person visits from AEPS and Dr. Sajan's patients inquiring about their services and appointments, and providing Allure their private medical information.

38. Beginning in December 2020 and continuing to present, there have been over thirty (30) instances of actual confusion from AEPS's continuing use of "Allure Esthetic" to market similar services. These instances of confusion have come from patients, customers, vendors, physicians, former and prospective employees, and the general public.

39. AEPS's use of a similar name has also led to confusion online. This has resulted in negative reviews of Plaintiff Allure for procedures it does not offer or by individuals which were never treated at Allure. Allure believes these reviews were intended for AEPS and/or Dr. Sajan.

40. Defendants' actions create a false or misleading representation of association with Allure. While Allure has requested that AEPS and Dr. Sajan cease using a similar name in order to reduce the chances of confusion, to date he has refused to comply. Even as AEPS and Dr. Sajan have been notified of additional instances of confusion, they remain intransigent regarding use of a similar name.

505777596.1

COMPLAINT 2:22-CV-00773 - 7

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

**Defendants' Trademark Applications and Registrations and Plaintiff's Petition for Cancellation.**

41. On or about April 27, 2018, Defendant Alderwood Surgical Center, LLC, filed a U.S. federal trademark application (Serial No. 87/898,005) to register the mark ALLURE ESTHETIC in International Class 44 for "[c]osmetic surgery services" (the "'005 Application"), which matured to Registration No. 5,695,124 on March 12, 2019 (the "'124 Registration"). In its application resulting in the '124 Registration, Defendant attested to a first use date of at least as early as July 1, 2014. See Exhibit J, ('124 Registration).

42. On or about May 1, 2018, Defendant Alderwood Surgical Center, LLC, filed a U.S. federal trademark application (Serial No. 87/902,200) to register the mark A ALLURE ESTHETIC (Stylized) in International Class 44 for "[c]osmetic surgery services; Online cosmetic skincare consultation services" (the "'200 Application"), which matured to Registration No. 5,987,267 on February 18, 2020 (the "'267 Registration". See Exhibit K ('267 Registration). Defendant attested to a first use date of at least as early as July 1, 2014.

43. The ALLURE ESTHETIC and A ALLURE ESTHETIC (Stylized) trademarks that are the subject of this Complaint and these Registrations are collectively referred to herein as Defendants' Marks.

44. On or about August 31, 2021, Plaintiff Allure filed its petition for cancellation of Defendants' Marks, and on December 15, 2021, filed its amended petition.

45. Since long before the filing date of the applications for Defendants' Marks, and the dates of first use claimed by Defendants, Plaintiff widely advertised and promoted Plaintiff's Mark in connection with cosmetic surgery and skin care products and services, such that Petitioner's Mark has become a well-known source identifier for Petitioner's cosmetic services in the United States. Defendants' Registrations are identical or confusingly similar in sight, sound and commercial impression to Defendants' Marks.

46. Allure is the owner of superior rights in and to its ALLURE trademark, which it

505777596.1

COMPLAINT 2:22-CV-00773 - 8

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

has used in connection with its cosmetic surgery and skin care products and/or services in Class 44 for nearly 20 years.

47. Defendants' Registrations are identical or confusingly similar in sight, sound and commercial impression to Plaintiff's Marks.

48. The goods and services listed in Defendants' Registrations are the same or similar to goods and services offered by Plaintiff's Marks, including but not limited to "cosmetic surgery services".

49. Defendants' Marks so resemble Plaintiff's Mark as to be likely when used in connection with Defendants' services, to cause confusion, mistake or to deceive, as to an affiliation, connection or association with Plaintiff, or as to Plaintiff's sponsorship or approval of Defendants' products, services or commercial activities.

50. In fact, Defendants' use of Plaintiff's ALLURE mark has resulted in numerous instances of actual consumer confusion to date and will continue to result in instances of actual consumer confusion.

51. Defendant's Marks so resemble Plaintiff's Mark as to be likely to create a false designation of origin and false or misleading representation of fact that is likely to cause confusion, or to cause mistake, or to deceive as to an affiliation, connection or association between Plaintiff.

52. Defendants are not affiliated with or sponsored by Plaintiff, and Defendants have never been authorized by Plaintiff to use Plaintiff's Mark.

## IV. CLAIMS FOR RELIEF

**FIRST CLAIM FOR RELIEF**
**Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a)(1)(A)**

53. Plaintiff re-alleges and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

54. Plaintiff owns all of the right, title, interest and goodwill in and to, and holds the first, superior and exclusive rights to use the ALLURE mark in conjunction with its cosmetic

505777596.1

COMPLAINT 2:22-CV-00773 - 9

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

surgical and non-surgical procedures, and its ALLURE skin care products.

55. Plaintiff gained prior state and common law rights throughout the United States in the ALLURE mark in conjunction with its cosmetic surgical and non-surgical procedures, and its ALLURE skin care products, since at least 2002, long before Defendants.

56. Plaintiff has continuously used the ALLURE mark in commerce with its cosmetic surgical and non-surgical procedures, and its ALLURE skin care products, and continues to use the mark in commerce in association with these services and goods.

57. Plaintiff's ALLURE mark is inherently distinctive and/or has acquired secondary meaning.

58. Without permission, authority, or license from Plaintiff, Defendants have been offering similar cosmetic surgical and non-surgical procedures, and skin care products under Defendants' ALLURE ESTHETIC and A ALLURE ESTHETIC (Stylized) marks. These uses have caused and are likely to continue to cause consumer confusion.

59. Plaintiff Allure is informed and believes, and based thereon alleges, that Defendants adopted Defendants' ALLURE ESTHETIC and A ALLURE ESTHETIC (Stylized) marks with knowledge of, and the intent to call to mind and create a likelihood of confusion with regard to, and/or trade off the extensive goodwill and reputation of Plaintiff Allure and would cause confusion, mistake, or deception among customers and the public.

60. Plaintiff Allure has no control over the nature and quality of the services and/or goods offered by Defendant under ALLURE ESTHETIC marks. Plaintiff's reputation and goodwill, and the value of Plaintiff's ALLURE mark, has been and will be harmed by Defendants' continued use of ALLURE ESTHETIC marks for cosmetic surgical and non-surgical procedures, and skin care products without authorization.

61. Moreover, Defendants' use of ALLURE ESTHETIC marks has resulted in and is likely to result in consumer confusion.

62. Because of the likelihood of confusion between the Parties' marks, any defects,

505777596.1

COMPLAINT 2:22-CV-00773 - 10

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

publicity, objections or faults found with Defendants' services and/or goods marketed under the ALLURE ESTHETIC marks would negatively reflect upon and injure the reputation that Plaintiff Allure has established over the past two decades.

63. Defendants' acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff Allure's intellectual property, business, reputation and goodwill. Plaintiff Allure has no adequate remedy at law because monetary damages are inadequate to compensate Plaintiff Allure for injuries caused by Defendants.

64. Such acts have caused and are likely to cause confusion and deception among the public and/or are likely to lead the public to believe that Plaintiff Allure has authorized, approved, or somehow sponsored Defendants' use of ALLURE ESTHETIC marks in connection with Defendants' services and/or goods.

65. The aforesaid wrongful acts of Defendants constitute false designation of origin, false or misleading description of fact, and/or false or misleading representation of fact, all in violation of 15 U.S.C. § 1125(a).

66. Defendants' conduct has been knowing, deliberate, willful and intended to cause confusion, or to cause mistake or to deceive in violation of Plaintiff Allure's rights.

67. Defendants' wrongful conduct, as averred above, has permitted and will permit it to profit on the strength of Plaintiff Allure's reputation, marketing, advertising and consumer recognition. Plaintiff Allure seeks an accounting of Defendants' profits and further requests that the Court increase the award of Defendants' profits to Plaintiff Allure in an amount in the Court's discretion.

68. As a result of Defendants' acts as alleged above, Plaintiff Allure has incurred damages in an amount to be proven at trial.

69. Pursuant to 15 U.S.C. § 1118, Plaintiff Allure asks the Court for an order forcing Defendants to deliver up for destruction all materials in Defendants' possession that infringe upon Plaintiff Allure's rights.

505777596.1

COMPLAINT 2:22-CV-00773 - 11

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

## SECOND CLAIM FOR RELIEF
### Violation of Washington's Consumer Protection Act
### Wash. Rev. Code § 19.86 et seq.

70. Plaintiff Allure re-alleges and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

71. Plaintiff Allure and Defendants are "persons" within the meaning of Wash. Rev. Code § 19.86.010(2).

72. Defendant is engaged in "trade" or "commerce" within the meaning of Wash. Rev. Code § 19.86.010(2).

73. The Washington Consumer Protection Act ("Washington CPA") makes unlawful "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Wash. Rev. Code § 19.86.020.

74. By the acts described herein, Defendants engaged in unlawful, unfair, and deceptive business acts and practices within the meaning of the Washington CPA by causing likelihood of confusion or misunderstanding as to the source, origin, or sponsorship of the parties' respective products or services; causing likelihood of confusion, or of misunderstanding as to the affiliation, connection, or association of Defendants, or Defendants' services with Plaintiff's services; and using deceptive representations or designations of origin in connection with Defendants' services.

75. Defendants' business acts and practices are unlawful.

76. Defendants' business acts and practices were fraudulent in that a reasonable person would likely be deceived by their material misrepresentations and omissions.

77. Defendants' business acts and practices were unfair in that the substantial harm suffered by Plaintiff Allure outweighs any justification that Defendants may have for engaging in those acts and practices.

78. Defendants owed and continues to owe Plaintiff Allure a duty to refrain from the above-described unfair and deceptive practices.

505777596.1

COMPLAINT 2:22-CV-00773 - 12

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

79. Defendants knew or should have known that its conduct was in violation of the Washington CPA.

80. Defendants' acts alleged above have caused, and if not enjoined will continue to cause, irreparable and continuing harm to the public, as well as Plaintiff Allure's marks, business, reputation and goodwill.

81. Defendants' business acts and practices are injurious to the public interest because they have injured members of the public and have the capacity to injure members of the public.

82. Plaintiff Allure has been harmed in its business and property, as a result of Defendants' unlawful, unfair, and fraudulent business acts and practices.

83. Plaintiff Allure has no adequate remedy at law because monetary damages are inadequate to compensate Plaintiff Allure for the injuries caused by Defendants.

84. Pursuant to Wash. Rev. Code § 19.86.090, Plaintiff Allure is entitled to an order enjoining Defendants' unfair and/or deceptive acts or practices, damages, punitive damages, and attorneys' fees, costs, and any other just and proper relief available under the Washington CPA. Because Defendants' actions were willful and knowing, Plaintiff Allure's damages should be trebled.

### THIRD CLAIM FOR RELIEF
### Common Law Trademark Infringement

85. Plaintiff Allure re-alleges and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

86. Defendants' acts alleged herein and specifically, without limitation, Defendants' use of Plaintiff's Marks infringe upon Plaintiff's exclusive trademark rights in its ALLURE mark.

87. Defendants' acts alleged above constitute common law trademark infringement and unfair competition, and have caused, and if not enjoined will continue to cause, irreparable and continuing harm to Plaintiff Allure's intellectual property rights, business, reputation, and goodwill.

505777596.1

COMPLAINT 2:22-CV-00773 - 13

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

88. Plaintiff Allure has no adequate remedy at law because monetary damages are inadequate to compensate Plaintiff Allure for the injuries caused by Defendants.

89. Defendants acted with full knowledge of Plaintiff Allure's use of, and common law rights to, Plaintiff's ALLURE mark and without regard to the likelihood of confusion of the public resulting from Defendants' activities.

90. Defendants' actions demonstrate an intentional, willful and malicious intent to trade on the goodwill associated with Plaintiff's ALLURE mark to the great and irreparable injury of Plaintiff Allure.

91. As a result of Defendants' acts, as alleged above, Plaintiff Allure has incurred damages in an amount to be proven at trial. At a minimum, Plaintiff Allure is entitled to injunctive relief, to an accounting of Defendants' profits, damages and costs.

## FOURTH CLAIM FOR RELIEF
### Common Law Unjust Enrichment

92. Plaintiff Allure re-alleges and incorporates by reference, as if fully set forth herein, all of the preceding paragraphs.

93. By misusing Plaintiff's Marks, Defendants incurred a benefit from Plaintiff, to Plaintiff's detriment.

94. Defendants have appreciated that benefit. They have permitted Defendants to make use of Plaintiff's Marks to solicit customers and patients without incurring the expense of independently developing the goodwill associated with Plaintiff's Marks.

95. By reason of its above-described conduct, Defendants caused damage to Plaintiff.

96. Defendants' acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendants through deceptive, unfair and unlawful means.

97. Equity cannot in good conscience permit Defendants to be economically enriched for their unjust actions at Plaintiff's expense and in violation of state law. Therefore, restitution or disgorgement, or both, of such economic enrichment is required.

505777596.1

COMPLAINT 2:22-CV-00773 - 14

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Allure requests that the Court enter judgment against Defendants, as follows:

a. That the Court issue preliminary and permanent injunctive relief against Defendants, and that Defendants, their officers, agents, representatives, servants, employees, attorneys, successors, licensees and assignees and all others in active concert or participation with Defendants, be enjoined and restrained from continued acts of infringement of the trademarks at issue in this litigation, and to protect Plaintiff Allure's trademark rights, brand, and goodwill and in order to prevent further actual, threatened and inevitable infringement upon those rights by Defendants;

b. That the Court find Defendants' acts complained of herein unlawful as constituting unfair competition, false designation of origin, trademark infringement, violations of the Washington Consumer Protection Act, and unjust enrichment under the causes of action asserted under this Complaint;

c. That the Court order Defendants to expressly abandon its Registrations for U.S. Trademark Reg. No. 5,695,124 for ALLURE ESTHETIC in International Class 44 for "[c]osmetic surgery services" and U.S. Trademark Reg. No. 5,987,267 for A ALLURE ESTHETIC (Stylized) in International Class 44 for "[c]osmetic surgery services; Online cosmetic skincare consultation services) (collectively "Defendants' Registrations");

d. That the Court issue an Order pursuant to 15 U.S.C. § 1119 directing the Director of the United States Patent and Trademark Office to cancel U.S. Trademark Registration Nos. 5,695,124 and 5,987,267 from the Principal Register;

e. That the Court require Defendants deliver up for destruction all labels, signs, prints, advertisements and other materials that infringe Plaintiff Allure's trademark rights and/or are a result of any false descriptions, false designation of origin, false representation or origin and false advertising by Defendants;

505777596.1

COMPLAINT 2:22-CV-00773 - 15

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

1    f. That the Court order an accounting of all profits received by Defendants arising
2 from the causes of action asserted in this Complaint;
3    g. That the Court award Plaintiff Allure all gains, profits and advantage derived by
4 Defendants for its unlawful acts, including an award of increased profits;
5    h. That the Court award Plaintiff Allure treble damages as provided by law;
6    i. That the Court award Plaintiff Allure its attorneys' fees, expenses and costs incurred
7 herein, including prejudgment and post-judgement interest; and
8    j. That the Court grant Plaintiff Allure all other relief to which it is entitled and such
9 other relief as the Court deems just and equitable.

DATED this 3rd day of June, 2022

K&L GATES LLP

By s/ Pam K. Jacobson
Pam K. Jacobson, WSBA No. 31810

By s/ Ryan W. Edmondson
Ryan W. Edmondson, WSBA No. 41651

K&L GATES LLP
925 4th Ave., Suite 2900
Seattle, WA 98104
Phone: (206) 370-7605
pam.jacobson@klgates.com
ryan.edmondson@klgates.com

Attorneys for Plaintiff Aesthetic Eye Associates, P.S., d/b/a Allure Laser Center & Medispa

505777596.1

COMPLAINT 2:22-CV-00773 - 16

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022