UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AESTHETIC EYE ASSOCIATES, P.S.,<br><br>Plaintiff,<br>v.<br><br>ALDERWOOD SURGICAL CENTER, LLC; NORTHWEST NASAL SINUS CENTER P.S.,<br><br>Defendants. | CASE NO. 2:22-cv-00773-TL<br><br>ORDER ON MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |

This is an action in trademark infringement under the Lanham Act and related claims. This matter comes before the Court on Plaintiff's Motion for Leave to File First Amended Complaint ("FAC") (Dkt. No. 36). Having considered Defendants' response (Dkt. No. 38), Plaintiff's reply (Dkt. No. 39), and the relevant record, the Court GRANTS the motion.

I.     BACKGROUND

Plaintiff Aesthetic Eye Associates, P.S. ("AEA") brings this trademark action against Defendants Alderwood Surgical Center, LLC ("Alderwood") and Northwest Nasal Sinus Center,

P.S. ("Northwest Face"). *See* Dkt. No. 1. Defendants also bring counterclaims against AEA. *See* Dkt. No. 11 at 11–21. Plaintiff operates a plastic surgery practice specializing in cosmetic and reconstructive surgery of the eyelids and face. Dkt. No. 1 at 1–2. Defendants offer cosmetic and reconstructive procedures, both surgical and nonsurgical. Dkt. No. 11 at 12. On July 14, 2022, Plaintiff moved for a preliminary injunction, which was denied by this Court after briefing and oral argument. *See* Dkt. No. 35. On September 12, 2022, this Court issued a scheduling order that required the joinder of new parties by October 11, 2022, and the submission of amended pleadings by November 7, 2022. *See* Dkt. No. 33.

On December 29, 2022, the Washington State Office of the Attorney General ("OAG") filed a federal complaint[1] which revealed to Plaintiff an ongoing investigation into Defendants and Dr. Javad Sajan. Dkt. No. 36 at 3–4. In response, on January 5, 2023, Plaintiff requested a conference with Defendants. *Id*. at 4. January 10, 2023, the Parties held an initial conference during which the OAG complaint was discussed. *Id*. Defendants requested an opportunity to review any amended complaint before consenting to its filing. *Id*. On February 2, 2023, Plaintiff emailed the proposed amendments to Defendants. *Id*. On February 8, 2023, Defendants indicated that they would not stipulate to the amendments and requested another conference. *Id*. On February 10, 2023, the Parties held a second conference but did not reach agreement on a stipulated amendment. *Id*. at 4–5.

Plaintiff now seeks leave to file the FAC to incorporate the newly obtained information. Dkt. No. 36; Dkt. No. 37-1 at 2–19 (proposed FAC). Defendants oppose. Dkt. No. 38.

---

[1] *See State of Washington v. Alderwood Surgical Ctr., LLC*, No. C22-1835, Dkt. No. 1 (W.D. Wash. Dec. 29, 2022).

## II. LEGAL STANDARD

Once a court has entered a scheduling order, the "good cause" standard of Federal Rule of Civil Procedure 16(b) initially governs a plaintiff's ability to amend their complaint. *Johnson v. Mammoth Recreation, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992) (affirming denial of a belated motion to amend); *see also Santillan v. USA Waste of Cal., Inc.*, 853 F.3d 1035, 1048 (9th Cir. 2017) (affirming denial of amendment where request to amend came eight months after the deadline). Good cause, for the purposes of Rule 16(b)(4), looks to whether a scheduled deadline could not "reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (quoting the Rule 16 advisory committee's note to 1983 amendment).

If the good cause standard is met, a party must then show that (1) the amendment is proper and (2) that leave is appropriate. *See National Products Inc. v. Akron Resources, Inc.*, No. C15-1553, 2016 WL 9224046, at *4 (W.D. Wash. Nov. 8, 2016) (describing the "two hurdles" for amendments under Rules 16(b) and 15(a)); *Soaring Helmet Corp. v. Nanal, Inc.*, No. C09-0789, 2011 WL 39058, at *4 (W.D. Wash. Jan. 3, 2011) (same). This standard is to be applied with "extreme liberality," *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)), to facilitate the decision of cases "on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). *See also* Fed R. Civ. P. 15(a) ("[t]he court should freely give leave when justice so requires").

Courts in this Circuit consider five factors to assess whether to grant leave to amend under Rule 15(a): "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (quoting *Allen v. City of*

*Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)) ("the *Allen* factors"), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 575 U.S. 373 (2015). "[T]he most important [factor] is whether amendment would result in undue prejudice to the opposing party . . . ." *William Inglis & Sons Baking Co. v. ITT Continental Baking Co., Inc.*, 668 F.2d 1014, 1053 n.68 (9th Cir. 1982).

### III.  DISCUSSION

Plaintiff seeks to amend the Complaint by: (1) joining defendant Dr. Javad Sajan; (2) adding factual allegations against Defendants and Dr. Sajan; and (3) supplementing factual allegations against Defendants. Dkt. No. 36 at 2. Plaintiff argues that it "could not have reasonably met" the Court's deadlines for joinder and amendments, and that the proposed amendments are not prejudicial, frivolous, or futile. *Id*. at 5–8.

Plaintiff further argues that Dr. Sajan is a required party under Rule 19 for both the FAC and for Defendants' counterclaim of abuse of process. Dkt. No. 36 at 8. Plaintiff asserts that "there will not be complete relief among the existing parties" without Dr. Sajan, as he is the owner of both Defendants and personally responsible for unlawful behavior. *Id*.; Dkt. No. 39 at 5–6. Plaintiff asserts also that failure to join Dr. Sajan would "risk inconsistent obligations" where the claims against Defendants and Dr. Sajan are "identical." Dkt. No. 36 at 8. Additionally, Plaintiff argues that Dr. Sajan is required for Defendants' counterclaim of abuse of process because that claim concerns Plaintiff's complaint made to the Washington Medical Commission ("WMC") against Dr. Sajan individually. *Id*.; Dkt. No. 39 at 6. Finally, Plaintiff argues that the amendments are in the interest of "judicial economy." Dkt. No. 38 at 8–9.

In opposition, Defendants argue that the proposed amendments are prejudicial because the amendments "advance a new legal theory" that "would require proof of additional facts" beyond those alleged. Dkt. No. 38 at 5, 6; *see generally id.* at 4–7. Defendants also argue that the amendments are futile because they fail to state an element of Plaintiff's trademark claims. *Id*. at 8–9. Finally,

ORDER ON MOTION FOR
LEAVE TO FILE FIRST
AMENDED COMPLAINT - 4

Defendants argue that joinder of Dr. Sajan is not required because "he has not been alleged to have committed any wrongful acts in his individual capacity separate from his ownership of Defendants" and that the proposed amendments are not in the interest of judicial economy. *Id.* at 10–12.

A.      **Good Cause Under Rule 16**

The touchstone of good cause is diligence—namely, whether the Court's scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. Here, Plaintiff became aware of new information related to this matter on December 29, 2022, almost three months after the deadline to join parties (October 11, 2022) and almost two months after the deadline to amend pleadings (November 7, 2022). Dkt. No. 36 at 3. Many of the new facts included in the FAC were revealed in Defendant's Answer to the OAG complaint that was filed on February 10, 2023. Dkt. No. 39 at 5.[2] Therefore, no amount of diligence could have enabled Plaintiff to meet the deadlines for joining parties or amending the complaint. Still, Plaintiff's counsel contacted Defendants' counsel to request a conference to discuss this new information within one week of learning of it.[3] *Id.*; Dkt. No. 37-1 at 183–84. Between January 10, 2023, and February 10, 2023, the Parties conferred twice about the new information and could not come to agreement about a stipulated amendment. Dkt. No. 36 at 4–5; Dkt. No. 37-1 at 182, 199. Just six days after the second conference, Plaintiff filed the instant motion. In short, upon learning of new relevant information, Plaintiff acted diligently to raise the issue with opposing counsel and to bring the matter to the Court's attention. Moreover, Defendants do not appear to dispute that good cause exists, instead focusing their arguments on considerations under Federal Rule of Civil Procedure 15. *See* Dkt. No. 38.

---

[2] *See State of Washington v. Alderwood Surgical Ctr., LLC*, No. C22-1835, Dkt. No. 10 (W.D. Wash. Feb. 10, 2023).

[3] The time period included the New Year's holiday.

Therefore, the Court finds that there is good cause to modify its scheduling order. Fed. R. Civ. P. 16(b)(4). The Court next determines whether the amendments are proper under Federal Rule of Civil Procedure 15(a)(2).

## B.     Amendment of Factual Allegations

Defendants only raise arguments as to two of the *Allen* factors to be analyzed in assessing Plaintiff's motion. First, they argue that the amendments would be prejudicial. Dkt. No. 38 at 5–7. Second, they argue that the amendments would be futile. *Id*. at 7–8. The Court addresses each in turn.

### 1.     Prejudice

Plaintiff's initial Complaint advances a claim under the Washington State Consumer Protection Act ("CPA"), RCW 19.86.010–19.86.920, that Defendants "engaged in unlawful, unfair, and deceptive business acts and practices . . . ." Dkt. No. 1 ¶ 74. Plaintiff's proposed FAC adds that Defendants "engaged in unfair competition" as demonstrated by new information obtained from the OAG complaint. Dkt. No. 37-1 ¶ 79.

While Plaintiff's proposed FAC does not advance a new *claim*, it advances a new *theory* under the CPA. To establish a CPA claim, a plaintiff must allege five elements: (1) an unfair or deceptive act or practice that (2) affects trade or commerce and (3) impacts the public interest, and (4) the plaintiff sustained damage to business or property that was (5) caused by the unfair or deceptive act or practice. *Dewitt Const. Inc. v. Charter Oak Fire Ins. Co.*, 307 F.3d 1127, 1138 (9th Cir. 2002) (citing *Indus. Indem. Co. of the Nw., Inc. v. Kallevig*, 792 P.2d 520, 528 (Wash. 1990)). The allegations contained in the proposed FAC appear to assert a different kind of "unfair or deceptive act or practice" by which Defendants allegedly manipulated online reviews and other market representations. This new theory turns on facts that were not alleged in the original Complaint.

However, the burden imposed by this new theory and set of facts is not so large as to merit denial of the amendment. Unlike in *Jackson v. Bank of Hawaii*, where a plaintiff proposed

new claims under new statutes, Plaintiff's amendment simply adds factual allegations to the existing CPA claim. 902 F.2d 1385, 1387–88 (9th Cir. 1990). Also, in *Jackson*, the proposed amendment would have required the defendant to relitigate a portion of a state court matter with another party and thus would have "alter[ed] the circumstances" of that related matter; no such concern is present here. *Id.* at 1388. Further, Defendants assert in their Answer that "Defendant Alderwood Surgical Center has continuously invested time and money to build its brand and consumer goodwill in the ALLURE ESTHETIC marks." Dkt. No. 11 at 10. Thus, the new factual allegations are relevant to the defense that Defendants themselves have put into play.

While some additional discovery will likely be needed, the Court does not believe that additional discovery to be so substantial that the process would unduly delay proceedings or impose an unreasonable burden on Defendants. And while the Parties were a few months into discovery at the time the instant motion was filed, it appears that only the exchange of initial written discovery had occurred. Dkt. No. 39 at 3.[4] Moreover, unlike the highly dilatory plaintiff in *AmerisourceBergen Corp. v. Dialysist West, Inc.*, Plaintiff here acted promptly upon learning of new facts and moved to amend as soon as it became clear that stipulation was not possible. 465 F.3d 946, 953–54 (9th Cir. 2006). Therefore, the Court finds that consideration of prejudice weighs in favor of granting leave to amend.

### 2.     Futility

Defendant argues that the amendments are futile because they "fail to state a necessary (or even relevant) element of [Plaintiff]'s core trademark claims . . . ." Dkt. No. 38 at 8. Yet Plaintiff's proposed amendments supplement the original Complaint with factual allegations that

---

[4] Plaintiff represents that the Parties have not exchanged documents and depositions have not begun. Dkt. No. 39 at 4. The Court also notes that a Stipulated Protective Order was not entered until March 24, 2023 (Dkt. No. 42), over one month after the filing of Plaintiff's motion.

ORDER ON MOTION FOR
LEAVE TO FILE FIRST
AMENDED COMPLAINT - 7

stem from the OAG complaint; they do not purport to add a new claim or bolster Plaintiff's "core trademark claims," but rather attempt to bolster the existing CPA claim. Defendants appear to admit as much when they argue that the new allegations "regarding Defendants' alleged activities get to [Plaintiff]'s new and transformed unfair competition claim." Dkt. No. 38 at 8.

Further, the Court has not been presented with a motion to dismiss. The sufficiency of Plaintiff's pleadings may be challenged on such a motion—where Defendants' arguments are more appropriately raised and where both Parties have an opportunity to brief the relevant issues in full detail. *See DCD Programs, Ltd.*, 833 F.2d at 188 (holding that leave to amend should be granted "unless it appears beyond doubt" that amended complaint would be dismissed for failure to state a claim (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957))); *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("[S]uch issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend."); *Nebula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed."); *see also Puget Soundkeeper Alliance v. APM Terminals Tacoma LLC*, 545 F. Supp. 3d 893, 897–98 (W.D. Wash. 2021) (declining to conclude that amendment was futile and finding the issue "better suited for a fully-briefed dispositive motion"). At this time, at a cursory glance and without full briefing from the Parties, the Court cannot say that the FAC would not survive a motion to dismiss. Therefore, the Court finds that consideration of futility weighs in favor of leave to amend.

C.  **Amendment for Joinder of Dr. Sajan**

1.  **Rule 15 Amendment**

"Amendments seeking to add *claims* are to be granted more freely than amendments adding *parties*." *Union Pac. R.R. Co. v. Nevada Power Co.*, 950 F.2d 1429, 1432 (9th Cir. 1991) (emphases added).

As to the *Allen* factors, Defendants only raise undue delay as a ground for denial of Plaintiff's request to join Dr. Sajan as an additional party. Dkt. No. 38 at 11. One of Plaintiff's arguments is that Dr. Sajan is needed for Defendants' abuse of process counterclaim. Dkt. No. 36 at 8. However, Defendants' Joint Answer, Affirmative Defenses, and Counterclaims (Dkt. No. 11) was filed on June 27, 2022, nearly three and one-half months before the October 11, 2022, deadline to join additional parties. Plaintiff complains that Defendants did not add Dr. Sajan as a required party for their abuse of process counterclaim. Dkt. No. 36 at 3. But Plaintiff could have acted: there was plenty of time before the October deadline to either join Dr. Sajan or move to dismiss based on a failure to join a party pursuant to Federal Rule of Civil Procedure 12(b)(7).

Despite this, Plaintiff's request is saved on two grounds. First, while delay is relevant to assessing a request to amend a complaint, delay alone is insufficient to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *see also DCD Programs, Ltd.*, 833 F.2d at 186 ("[D]elay, by itself, is insufficient to justify denial of leave to amend."). Second, Defendants notably do not raise any argument about undue prejudice (the most important *Allen* factor) with regard to joining Dr. Sajan.[5] Therefore, the Court finds amending the complaint to add Dr. Sajan is proper under Rule 15.

---

[5] In any event, the Court would find no prejudice for the reasons stated in Section III.B.1.

**2.     Rule 19 Joinder**

The addition of new parties to an action is governed by Federal Rules of Civil Procedure 19 and 20, which are the rules governing required and permissive joinder, respectively. Plaintiff only requests joinder under Rule 19 which provides:

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). *See also Salt River Project Agric. Imp. & Power Dist. v. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2012).

The application of Rule 19(a) involves three successive inquiries. *E.E.O.C. v. Peabody W. Coal Co.* (*Peabody*), 610 F.3d 1070, 1078 (9th Cir. 2010). First, the court must determine whether an absent party must be joined as a party under Rule 19(a). *Id.* If an absent party is required under that rule, the second inquiry is whether it is feasible to order that the absent party be joined.[6] *Id.* If joinder is not feasible, the third inquiry is whether, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." *Id.* at

---

[6] Rule 19(a) sets forth three circumstances in which joinder is not feasible: (1) venue is improper; (2) the absent party is not subject to personal jurisdiction; and (3) joinder would destroy subject matter jurisdiction. *See* Fed. R. Civ. P. 19(a).

1083 (quoting Fed. R. Civ. P. 19(b)). The second and third inquiries are not at issue here. The Parties do not appear to dispute that joinder is feasible: Dr. Sajan is domiciled in Washington State and is the owner of Defendants. Dkt. No. 37-1 at 4. Thus, the Court must determine only whether Dr. Sajan is a required party under Rule 19(a).[7]

Plaintiff argues that "[w]ithout Dr. Sajan, there will not be complete relief among the existing parties." Dkt. No. 36 at 8. Complete relief under Rule 19(a)(1)(A) is concerned with "consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action." *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir. 2013). Joinder is not required if the court can provide relief that is "meaningful as between the parties." *Id.* (quoting *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir. 2004)).

Plaintiff does not explain why the Court could not fashion meaningful relief with the present Defendants with respect to Plaintiff's claims. Dr. Sajan is the owner and operator of Defendants, and his alleged actions were in furtherance of the operation of Defendants. Meaningful relief could be granted by enjoining Defendants and their officers, employees, and other related individuals to cease certain identified behaviors, which would include Dr. Sajan.

However, Plaintiff also argues that Dr. Sajan is a required party for Defendants' abuse of process counterclaim, as the disputed complaint to the WMC was made against Dr. Sajan individually and involves his medical license. Dkt. No. 36 at 8. Defendants ignore the fact that they themselves introduced this issue into the case by asserting the abuse of process claim as a counterclaim. Having chosen to insert this issue into the case, Defendants must lie in the bed

---

[7] If an absent party is determined to be required because it has an interest in the litigation, the absent party still may not be required under Rule 19(a) if the absent party is "adequately represented" by a present party. *Salt River*, 672 F.3d at 1180–81.

ORDER ON MOTION FOR
LEAVE TO FILE FIRST
AMENDED COMPLAINT - 11

they made. As Plaintiff's WMC complaint involved Dr. Sajan in his personal capacity and his personal medical license, the counterclaim belongs to him, and not his businesses or any of the current Defendants.

One purpose of Rule 19(a) is to preclude multiple lawsuits on the same cause of action. *Alto*, 738 F.3d at 1126. Having chosen to insert the counterclaim in this case, Dr. Sajan should not be allowed to file a separate lawsuit on this cause of action. Therefore, the Court finds he is a required party for the abuse of process counterclaim. Given this finding, the Court will not address the other two ways a party may be required. *See* Fed. R. Civ. P. 19(a)(1)(B).

### IV.    CONCLUSION

Accordingly, the Court GRANTS Plaintiff's Motion for Leave to File First Amended Complaint (Dkt. No. 36). Plaintiff SHALL file its First Amended Complaint **within three (3) days** of this Order. In addition, the Parties SHALL file an updated Joint Status Report with a revised case schedule **within fourteen (14) days** of this Order.

Dated this 31st day of May 2023.

Tana Lin
United States District Judge