UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AESTHETIC EYE ASSOCIATES, P.S., <br><br> Plaintiff, <br><br> v. <br><br> ALDERWOOD SURGICAL CENTER, LLC; NORTHWEST NASAL SINUS CENTER, P.S.; and JAVAD A. SAJAN, M.D., <br><br> Defendants. | CASE NO. 2:22-cv-00773-TL <br><br> ORDER ON MOTION TO STRIKE ALLEGATIONS |

This matter is before the Court on Defendants' Motion to Strike Allegations Arising from Attorney General Complaint. Dkt. No. 58. Having reviewed Plaintiff's response (Dkt. No. 63), Defendants' reply (Dkt. No. 65), and the relevant record, the Court DENIES the motion.

I.   BACKGROUND

The Court assumes familiarity with the facts of the case. Relevant to this motion, on February 16, 2023, Plaintiff moved to amend its complaint to include new allegations that came to its attention because of a public complaint filed by the Washington State Attorney General

1  ("AG"). Dkt. No. 36; *see also* Dkt. No. 64-1 at 1–49 (AG complaint). On May 31, the Court

2  granted the motion, and Plaintiff promptly filed its First Amended Complaint ("FAC"). Dkt.

3  Nos. 46 (order), 47 (FAC). On June 12, this matter was stayed for mediation. Dkt. No. 49. On

4  October 6, the Parties filed a joint status report indicating that mediation was unsuccessful. Dkt.

5  No. 51. On October 31, a new case schedule was ordered. Dkt. No. 59.

6      On October 30, Defendants filed the instant motion to strike certain allegations from the

7  FAC. Dkt. No. 58; *see also* Dkt. No. 65 (reply). Specifically, Defendants seek to strike

8  paragraphs 2, 6, 34, 50, 52, 79–82, and 87. Dkt. No. 58 at 4. Plaintiff opposes. Dkt. No. 63.

## II. LEGAL STANDARD

10      A court "may strike from a pleading an insufficient defense or any redundant, immaterial,

11  impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In deciding a Rule 12(f) motion to

12  strike, a court should not resolve disputed and substantial factual or legal issues. *See*

13  *Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973–75 (9th Cir. 2010) ("We . . . hold that

14  Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such

15  claims are precluded as a matter of law."). "The function of a [Rule] 12(f) motion to strike is to

16  avoid the expenditure of time and money that must arise from litigating spurious issues by

17  dispensing with those issues prior to trial . . . ." *Id.* at 973 (quoting *Fantasy, Inc. v. Fogerty*, 984

18  F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). Rule 12(f)

19  motions to strike are generally disfavored because the motions may be used as delay tactics and

20  because of the strong policy favoring resolution on the merits. *E.g.*, *Chao Chen v. Geo Grp., Inc.*,

21  297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018) (citations and internal quotation marks omitted).

## III. DISCUSSION

23      Defendants argue that the subject allegations should be stricken because "Plaintiff did not

24  engage in the required, non-delegable Rule 11(b) investigation of the allegations it lifted from

the Attorney General's complaint and deposited in its FAC before filing the FAC." Dkt. No. 58 at 4. Plaintiff responds that the allegations are based on independent investigation, courts have considered allegations from an attorney general's complaint in reviewing motions to dismiss, and there are evidentiary bases for the allegations. *See* Dkt. No. 63 at 2, 10.

Federal Rule of Civil Procedure 11 states in relevant part:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

Fed. R. Civ. P. 11(b)(3). *See also Lake v. Hobbs*, 643 F. Supp. 3d 989, 996 (D. Ariz. 2022), *appeal filed*, No. 23-16022 (9th Cir. July 24, 2023) ("In assessing the pre-filing inquiry required under Rule 11, the court's task is to determine 'whether an attorney, after conducting an objectively reasonable inquiry into the facts and law, would have found the complaint to be well-founded.'" (quoting *Holgate v. Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005))).

As an initial matter, Defendants state that they "are not seeking any fees or sanctions under Rule 11, but instead are seeking to have improper allegations in the FAC stricken pursuant to Rule 12(f)." Dkt. No. 58 at 5 n.2. Yet they do not argue that the subject allegations constitute an "insufficient defense" or "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Rather, they argue that Plaintiff violated Rule 11, which should merit a Rule 12(f) remedy. But the Ninth Circuit has instructed that "Rule 12 provides no authority to dismiss 'sham' pleadings. If a party believes that its opponent pled in bad faith, it can seek other means of redress, such as sanctions under Rule 11, 28 U.S.C. § 1927 or the court's inherent authority."

ORDER ON MOTION TO
STRIKE ALLEGATIONS - 3

*PAE Gov't Servs., Inc. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991)); *cf. In re Mortgs., Ltd.*, 771 F.3d 623, 630 (9th Cir. 2014) ("[A] court cannot disregard statements in a pleading unless the court specifically determines that the statement was made in bad faith under Federal Rule of Civil Procedure 11, or should be struck under Rule 12(f).") (citing *PAE*, 514 F.3d at 859–60). The Court acknowledges that this authority is in tension with some courts of this Circuit (cited by Defendants) which have stricken allegations for Rule 11 violations. *See Fraker v. Boyer Corp.*, No. C08-1564, 2009 WL 5865687, at *3–6 (E.D. Cal. Oct. 6, 2009); *In re Connetics Corp. Sec. Litig.*, 542 F. Supp. 2d 996, 1004–06 (N.D. Cal. 2008); *Plumbers & Pipefitters Loc. Union #295 Pension Fund v. CareDx, Inc.*, No. C22-3023, 2023 WL 4418886, at *4–5 (N.D. Cal. May 24, 2023). But the Court will decide the motion on Defendants' own terms; this is a Rule 12(f) motion, and the Court will apply that rule.

Additionally, Defendants' motion sweeps too broadly. Many of the identified "allegations" are not, in fact, recitations of factual allegations related to the AG's complaint. Instead, some of the identified portions of the FAC simply refer (explicitly or implicitly) to the existence of a government investigation. *See* Dkt. No. 47 ¶¶ 2, 6. Other identified portions are essentially legal conclusions for which there may or may not be factual support in the remainder of the FAC. *See id.* ¶¶ 50, 80–82, 87. The question, then, is whether the remaining subject allegations (*id.* ¶¶ 34, 52, 79) should be stricken.

Here, the Court finds that the remaining subject allegations should not be stricken under Rule 12(f) for a Rule 11 violation. This is not a case where Plaintiff simply rode on the coattails of a state investigation and parroted the AG's complaint. Instead, Plaintiff initiated this action with a separate and independent complaint on June 3, 2022, several months before the AG's complaint was filed on December 29, 2022. *Compare* Dkt. No. 1, *with* Dkt. No. 64-1 at 1–49.

ORDER ON MOTION TO
STRIKE ALLEGATIONS - 4

1  Plaintiff then used some facts from the AG's complaint to supplement and provide context and
2  support for its own allegations. *See* Dkt. No. 47 ¶¶ 27–34 (discussing Defendants' trademark
3  registrations), ¶¶ 49–53 (discussing harm to Plaintiff caused by Defendants' use of Plaintiff's
4  marks), ¶¶ 74–90 (alleging claim under the Washington Consumer Protection Act). This is unlike
5  *Fraker*, where the "entirety" of plaintiff's claims of wrongdoing was based on allegations in
6  public filings and where no independently acquired evidence was found to support the
7  allegations. 2009 WL 5865687, at *5.
8        Moreover, Plaintiff represents that the subject allegations in the FAC are based on
9  independent investigation. *See* Dkt. No. 64 ¶ 3 (Jacobson declaration). The FAC objectively
10 reflects at least some independent investigation; for example, the AG's complaint does not
11 include the cases cited in footnote 2 of the FAC. Dkt. No. 47 ¶ 51 n.2. Other facts, like
12 Defendant Javad Sajan's alleged use of social media bots (*id.* ¶¶ 34, 52), could not be known to
13 Plaintiff without discovery or until otherwise revealed—like in a public complaint by a
14 government agency. Further, unlike the plaintiffs in *In re Connetics*, 542 F. Supp. 2d at 1005, or
15 *Plumbers & Pipefitters*, 2023 WL 4418886, at *4, Plaintiff here makes an effort to inform the
16 Court of independent sources of information that help corroborate its allegations. *See* Dkt.
17 No. 63 at 4–9; *see also, e.g.*, Dkt. No. 64-1 at 38–41 ("negative review" agreements attached to
18 AG complaint), 50–70 (transcript of AG press conference and patient statements), 71–74 (AG
19 press release), 75–130 (complaints in defamation lawsuits filed by Defendants), 131–190
20 (complaints filed by Defendant Sajan). Such allegations are not "redundant, immaterial,
21 impertinent, or scandalous" such that they may be stricken. Fed. R. Civ. P. 12(f).
22        Plaintiff's behavior is not unusual. Parties often amend their pleadings "because, over the
23 passage of time and through diligent work, they have learned more about the available evidence
24 and viable legal theories, and wish to shape their allegations to conform to these newly

ORDER ON MOTION TO
STRIKE ALLEGATIONS - 5

discovered realities. We do not call this process sham pleading; we call it litigation." *See PAE*, 514 F.3d at 859. Still, if Defendants believe that Plaintiff had not "independently investigated the AG-based CPA allegations *prior to* filing its FAC" (Dkt. No. 65 at 3 (emphasis in original)), they may file a Rule 11 motion, with the caveat that the Court may award reasonable expenses incurred to the prevailing party. *See* Fed. R. Civ. P. 11(c)(2). Here, they did not do so, opting for a Rule 12(f) motion instead. But square pegs do not fit in round holes, and the Court does not find a basis under Rule 12(f) to strike the subject allegations.

## IV. CONCLUSION

Accordingly, Defendants' Motion to Strike Allegations Arising from Attorney General Complaint (Dkt. No. 58) is DENIED.

Dated this 21st day of December 2023.

Tana Lin
United States District Judge